UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT DIMITRI,

                                     **Plaintiff,**                  9:24-CV-1236
                                                                                  (FJS/PJE)

      v.

MS. GEORGE and WESTMILLER,

                                     **Defendants.**

---

**APPEARANCES:**                                                                   **OF COUNSEL:**

ROBERT DIMITRI
Plaintiff, pro se
22-B-2482
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

**FREDERICK J. SCULLIN, JR.**
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      Pro se Plaintiff Robert Dimitri ("Plaintiff") commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 7 ("IFP Application"). By Decision and Order filed on November 15, 2024 (the "November 2024 Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 9. On the basis of that review, the Court dismissed the complaint for failure to state a claim upon which relief could be granted. *See*

*id.* Considering his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint. *See id.*

In January 2025, Plaintiff filed a submission with the Court (Dkt. No. 14) and a letter in support (Dkt. No. 15). On February 7, 2025, Plaintiff filed a motion seeking the following: (1) "leave to amend [his] complaint to perfection"; (2) preliminary injunctive relief; (3) copies of "all documentation submitted into [the] court"; and (4) a subpoena for recorded telephone calls. Dkt. No. 17.

II.   **DISCUSSION**

   A.   **January Submission and Leave to Amend**

On January 21, 2025, Plaintiff filed a forty-five-page submission with the Court. Dkt. No. 14. On January 25, 2025, Plaintiff filed a letter inquiring as to whether the Court had received his "amended complaint." Dkt. No. 15.

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended and supplemental pleadings. A party may amend, as of right, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15. An amended complaint is intended to replace and supercede in its entirety the previous complaint. Once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered. *See Dluhos v. Floating & Abandoned Vessel,* 162 F.3d 63, 68 (2d Cir. 1998) ("'[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.'") (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S. Ct. 730,

54 L. Ed. 2d 758 (1978))). This requirement is buttressed by the Local Rules of Practice of this District ("Local Rules"), which provide, in pertinent part, that amended pleadings must be complete pleadings which will supersede the original pleading in all respects. *See* N.D.N.Y.L.R. 15.1(a). The Local Rules further state that a "party shall not incorporate any portion of its prior pleading or exhibits thereto into the proposed amended pleading by reference." *Id.* "One of the purposes of the requirement that an amended complaint be itself a complete pleading, is to ensure that all of the allegations asserted against the defendant(s) are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him." *Walker v. Fischer*, No. 9:10-cv-01431 (MAD/DEP), 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012). "[T]his requirement eliminates the confusing nature of 'piecemeal' amended complaints." *Chapdelaine v. Keller*, 95-CV-1126 (HGM/GLS), 1999 WL 34998130, at *1 (N.D.N.Y. Sept. 28, 1999). In other words, an amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in the action.

"While we have insisted that the pleadings prepared by [ pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (internal citations omitted) (footnote omitted). Compliance with this Court's Local Rules "is not merely technical in nature." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 508 (N.D.N.Y. 2009).

Plaintiff's submission (Dkt. No. 14) is not in compliance with N.D.N.Y. Local Rule 15.1. The submission does not include a caption, a list of parties, any cause of action, or any request for relief.

Upon review of the submission, it is unclear who the defendants are, what claims are asserted, and what relief Plaintiff seeks. As explained above, Plaintiff may not submit an amended complaint and at the same time proceed with the original complaint. Compliance with this Court's Local Rules is "not merely technical in nature." *See Cusamano*, 604 F. Supp. 2d at 508.

At this juncture, the Court will not accept the submission (Dkt. No. 14) as the amended complaint. The complaint (Dkt. No. 1) remains the operative pleading.[1]

Plaintiff's motion for leave to amend his complaint "to perfection" is denied as unnecessary. Plaintiff is advised that, within the time limits set forth in Rule 15(a) of the Federal Rules of Civil Procedure, he may submit to the Court for review an amended complaint as of right. Any proposed amended complaint he submits must be a complete pleading which sets forth all the claims Plaintiff seeks to assert in this action against the persons named as defendants.

Plaintiff is directed to, within sixty days of the within Order, submit an amended pleading in accordance with the November 2024 Order that complies with this Court's Local Rules.

---

[1] Considering Plaintiff's pro se status, the Clerk of the Court accepted the submissions for filing. The Court advises Plaintiff, however, that the Court will not review documents except to the extent that Plaintiff specifically identifies and references them in connection with a properly filed motion or pleading. The Court docket is not intended to serve as a repository for Plaintiff's records.

### B. Motion for Injunctive Relief

Construing Plaintiff's submission liberally, Plaintiff seeks the following relief: (1) an order directing "officers" who handle his mail to wear body cameras; (2) an order allowing him to hold his property "on my person" when he is transferred "from jail to jail"; and (3) a transfer to Auburn Correctional Facility.

Preliminary injunctive relief """is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.""" *Moore v. Consol. Edison Co. of N.Y. Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (emphasis and citation omitted)). "The district court has wide discretion in determining whether to grant a preliminary injunction[.]" *Id*. at 511. The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit. *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 38 (2d Cir. 2010). To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See id.* at 35 (citations and footnote omitted); *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). Moreover, "'the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Levesque v. Clinton County*, No. 9:10-CV-0787 (DNH) (DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (quoting *McKinnon v. Tresman,* No. [302CV2305WWEHBF], 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004) (parenthetical omitted)); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive

relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his *underlying* claim, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff).  "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."  *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997); *accord Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (per curiam).

When the moving party seeks "'a mandatory preliminary injunction that alters the status quo by commanding some positive act,'" the burden is even higher.  *Cacchillo,* 638 F.3d at 406 (quotation omitted); *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).  Thus, a mandatory preliminary injunction "'should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."'"  *Citigroup,* 598 F.3d at 35 n.4 (quoting *Tom Doherty Assocs.*, 60 F.3d at 34 (quoting *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985))).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm.  *Jolly*, 76 F.3d at 482.  "However, the moving party must establish that without the preliminary injunction, he will suffer an 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'"  *Amaker v. Fischer*, No. 10-CV-0977A(Sr.), 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012) (quoting *Murray v. New York*, 604 F. Supp 2d 581, 584 (W.D.N.Y. 2009)).

Here, as Plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success or show that extreme or very serious damage would result in the absence of the requested relief. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

As discussed *supra,* the complaint that Plaintiff filed is insufficient and he must file an amended complaint for this action to proceed. Without a valid complaint, Plaintiff cannot possibly establish that he has a likelihood of success on the merits of his claims or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. Therefore, the Court denies Plaintiff's motion for preliminary injunctive relief without prejudice to file a new motion after Plaintiff has submitted an amended complaint and it has been accepted for filing by the Court.

### C. Motion for Copies

Plaintiff requests that copies of "all documentation submitted into [the] court" be forwarded "free of charge."[2]  Dkt. No. 17 at 5.

28 U.S.C. § 1915, which governs in forma pauperis proceedings, does not state that indigent parties are entitled to complimentary copies of the materials contained in a court's files or any other file. "[T]he granting of *in forma pauperis* status does not shift the entire financial burden of litigation either to the Court or to the opposing parties. Instead, a party is required to pay the costs of discovery, including the costs of obtaining copies of requested documents, despite the fact that he has been found to be indigent." *Orraca v. Lee*, No. 9:04-

---

[2] Plaintiff also seeks copies of all documentation submitted to the "App. Div., Supreme Court of Albany and Suffolk County." Dkt. No. 17 at 5. Because this Court is without the authority to grant this relief, the Court will not engage in an analysis of this portion of Plaintiff's motion.

CV-1249 (DNH) (DRH), 2007 WL 81921, at *1 (N.D.N.Y. Jan. 9, 2007) (citation omitted); *Madison v. Hoey*, No. 9:03CV0749(FJS)(GJD), 2006 WL 2265016, at *3 (N.D.N.Y. Aug. 4, 2006) (indigent status does not entitle a party to free copies but instead a party must bear his or her own costs of litigation).  The Court advised Plaintiff at the outset of this action that in forma pauperis status does not entitle him to free copies of his submissions.  Dkt. No. 9 at 9, n.6.  Therefore, the Court denies Plaintiff's request for free copies of documents.  The Court advises Plaintiff that the Clerk will provide copies of the requested documents upon payment in advance of the copying cost.  The Court directs the Clerk to provide a courtesy copy of the docket sheet to Plaintiff together with a "Photocopy Request Form."

**D.  Request for Subpoenas**

As discussed *supra,* the complaint Plaintiff filed is insufficient, and he must file an amended complaint for this action to proceed.  To assist Plaintiff with his action, the Court directs the Clerk to send Plaintiff a copy of this District's Pro Se Manual and Local Rules.  With respect to discovery, if and when Defendants have submitted an answer to Plaintiff's complaint, a Mandatory Pretrial Discovery and Scheduling Order will be issued outlining the terms of discovery and requiring the parties to provide certain mandatory disclosure.  Once Plaintiff receives mandatory disclosure from Defendants, prior to serving additional discovery, he should review the disclosure thoroughly to determine whether the disclosure might in fact satisfy all of Plaintiff's discovery needs.  If, after reviewing the mandatory disclosure, Plaintiff still wishes to conduct additional discovery, Plaintiff may refer to the Federal Rules of Civil Procedure, Rule 26 *et seq.*, for guidance in drafting and serving discovery requests.

Accordingly, the Court denies Plaintiff's request for subpoenas as premature and without prejudice to renew.

### III. CONCLUSION

**WHEREFORE,** it is hereby

**ORDERED** that Plaintiff must comply with the directives set forth in this Decision and Order within **SIXTY** days; and it is further

**ORDERED t**hat Plaintiff's motion for leave to amend (Dkt. No. 17) is **DENIED** as unnecessary; and it is further

**ORDERED** that Plaintiff's motion for injunctive relief (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for copies (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for subpoenas (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order, the Docket Report, and a "Photocopy Request Form" on Plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: February 13, 2025
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge